UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LOCAL 1922 PENSION FUND,

                               Plaintiff,

          - against -

                  Case No.  21-CV-4281

                  COMPLAINT

MICRO CONTACTS, INC.,

                               Defendant

-------------------------------------------------------------------------X

Local 1922 Pension Fund (hereinafter " Pension Fund") by its' attorneys, McCarthy & Preece, PLLC, alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1132(e)(1), and §301(a), of the Labor-Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(a).  This is an action by the Plaintiffs for, *inter alia*, breach of a Collective Bargaining Agreement (hereinafter "CBA") between an employer and a labor organization representing employees in an industry affecting commerce, as well as to enforce ERISA §502(a)(3), 28 U.S.C. §1132(a)(3)(B)(ii), (d)(1), (e)(2) and (f) and d145(a) and (c), ERISA §515, 29 U.S.C. §1145 and §301 of the LMRA.

2.     Venue is based on the location of the office from which the Pension Fund is

administered, and the location where the Employer engaged in business and is incorporated in, which is in the Eastern District of New York.  As such, venue is appropriate pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Taft Hartley §301, 29 USC §185.

## PARTIES

3. Upon information and belief, the Defendant, Micro Contacts Inc., (hereinafter "Employer") is a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principle office located at 2901 Gateway Drive, Pompano Beach Florida, 33069.

4. Upon information and belief, the Employer, was and is an "employer" within the meaning of §3(5) and 515 of ERISA, 29 U.S.C. §1002(5) and 1145.

5. The Employer terminated all bargaining unit members on or about February 28, 2020 and the Employer closes the facility located at 62 Alpha Plaza, Hicksville, New York, 11801 on or about June 5, 2020.

6. The Pension Fund is a multiemployer pension benefit plan within the meaning of §3(2) and (3) of ERISA, 26 U.S.C. §414(j) and a "defined benefit plan" within the meaning of §3(35) of ERISA, 29 U.S.C. §1002(35).

7. The Pension Fund is a "multiemployer plan" within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).  The Pension Fund was created and is maintained pursuant to §302(c) of the LMRA.

8. The Pension Fund's principle office is located at 1065 Old Country Road, Westbury, New York, 11590.

9. The Pension Fund was created pursuant to a written agreement and declaration of

trust (hereinafter "Pension Fund Trust Agreement"). The Pension Fund is maintained, *inter alia*, for the purpose of providing its participants and beneficiaries with a defined benefit pension plan.

10. The Employer entered into a Collective Bargaining Agreement ("CBA") with Local 1922, IBEW (hereinafter "Union") dated September 1, 2011 to February 28, 2013. Exhibit 1. There was a Modification of the CBA dated October 1, 2013 and ran from July 1, 2013 through March 31, 2015. Exhibit 2. The CBA & Modification automatically renewed each year unless notification to terminate or modify is given by either party. Notification to terminate or modify has not been received by either party.

11. The Pension Fund provides benefits to eligible employees and their dependents on whose behalf the Employer is required to make contributions to the Pension Fund pursuant the CBA and Modification Agreement between the Employer and Local 1922, IBEW ("Union").

12. Employer withdrew from Pension Fund in a complete withdrawal by permanently ceasing all covered operations under the Pension Fund on or about February 28, 2020, within the meaning of ERISA §4201(a) and 4203(a)(1) or (2), 29 U.S.C. §1381 (a) and 1383(a)(1) or (2).

15. Such a complete cessation of the obligation to make contributions or cessation of covered operations constituted a "complete withdrawal" from Pension Fund, for which withdrawal liability may be collected by the Pension Fund, pursuant to ERISA §4201(a), 29 U.S.C. §1381(a).

16. Upon information and belief, as a result of its complete withdrawal, Employer is obligated to pay withdrawal liability to the Pension Fund in the amount of $83,280.00. This liability was determined by the Pension Fund under §4211(c)(4)(A) of ERISA, 29 U.S.C. §1391(c)(4)(A). Pursuant to ERISA §4219(c)(1)(c)(i)(l) and (3), 29 U.S.C. §1399(c)(1)(c)(i)(1)

and (3), the Pension Fund, by letter dated October 23, 2020, offered the Employer the opportunity to make twenty (20) quarterly payments to the Pension Fund in the amount of $4,701.00 and one (1) final quarterly payment in the amount of $2,147.00. Exhibit 3.

17. In accordance with ERISA §4219(b), 29 U.S.C. §1399(b) on October 23, 2020, the Pension Fund sent a demand letter for withdrawal liability to Employer. The letter advised the Employer that if payment was not made within sixty (60) days of the date the first quarterly payment was due then amount owed would be in default and the entire amount of withdrawal liability, plus accrued interest on the total outstanding liability, from the due date of the first payment that was not timely made, would become due. Furthermore, the Employer was advised in the demand letter that according to the terms of the Pension Fund Trust Agreement, the Trustees may declare default when notice is received of any circumstances indicating a substantial likelihood that further payments will not be made in a timely fashion. Exhibit 3.

18. Pursuant to ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) the failure of Employer to make the first quarterly payment when due, the failure to make any other payments towards its withdrawal liability, and the failure to cure such delinquency constituted a default.

19. The Pension Fund and the Employer engaged in settlement discussion from March 2021 through July 2021, to no avail.

23. The Employer at no point disputed the withdrawal liability calculation.

**FIRST CAUSE OF ACTION**

30. Plaintiff incorporates by this reference and re-allege, as though fully set forth herein, the allegations of paragraphs "1" through "29" above.

31. The Employer executed the CBA with the Union dated July 1, 2012 through June

4

30, 2013, and a Modification Agreement with the Union dated July 1, 2013 through March 31, 2015, which renews yearly, covering the terms and conditions of employment of the bargaining unit employees.

32. The CBA and Modification Agreement requires the Employer to submit monthly contribution reports to the Pension Fund setting forth the names of the covered employees and the amount of the contribution made on behalf of the covered employees, in the amounts required by the Agreement.

33. As set forth above, pursuant to ERISA §502(g)(2), §515 and 4201(b), 29 U.S.C. §1132(g)(2), 1145 and 1451 (b), Employer is obligated to pay withdrawal liability, interest, liquidated damages on the delinquent withdrawal liability payments, and attorneys' fees and costs.

40. As a result of Employer's withdrawal from Pension Fund, the Pension Fund was adversely affected to the extent that the withdrawal liability owed to the plan was not paid.

41. Therefore the Employer is liable to the Pension Fund in the minimum amount of $83,280.00 in unpaid withdrawal liability, plus liquidated damages, interest, reasonable attorneys' fees and the costs and disbursements of this action.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant, Micro Contacts, Inc., as follows:

(1) As to the First Cause of Action, against the Employer and to the Pension Fund, the minimum amount of $83,280.00, together with interest from the date of the delinquency and liquidated damages, together with reasonable attorneys' fees and the costs and disbursements of this action, as set forth in ERISA §501, 29 USC §1132et. seq.,

and for such other and further relief as the Court deems just and proper.

Dated:  July 30, 2021

                                            Respectfully submitted,

                                            _/s/Sheri Preece_
Sheri D. Preece, Esq.
McCarthy & Preece, PLLC
Attorneys for Plaintiffs
118 N. Bedford Rd., Suite 100,
Mount Kisco, New York 10549
(914) 864-9322
sheri@mplaborlaw.com